

# United States Court of Appeals
## for the Fifth Circuit

Certified as a true copy and issued
as the mandate on Sep 03, 2024

Attest:
*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 23-50916
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 9, 2024
Lyle W. Cayce
Clerk

SEP -3 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

---

United States of America,

*Plaintiff—Appellee,*

versus

Buel DeWayne Smiley,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CR-187-1 -OLG

---

Before Haynes, Higginson, and Douglas, *Circuit Judges.*

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion

No. 23-50916

for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

# United States Court of Appeals
# for the Fifth Circuit

No. 23-50916
Summary Calendar

FILED
August 9, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

versus

Buel DeWayne Smiley,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CR-187-1

---

Before Haynes, Higginson, and Douglas, *Circuit Judges.*

Per Curiam:[*]

    Buel DeWayne Smiley was sentenced to 60 months of imprisonment after pleading guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues for the first time that § 922(g)(1) is unconstitutional because it violates the Second Amendment in the light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022),

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50916

and because, as interpreted by this court, the statute exceeds Congress's authority under the Commerce Clause. The Government has moved without opposition for summary affirmance or, in the alternative, an extension of time in which to file a brief.

As Smiley concedes, his unpreserved *Bruen* challenge based on the Second Amendment is foreclosed by our opinion in *United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024), which rejected another such challenge on the ground that any error was not plain. *Jones* also rejected the argument that § 922(g)(1) is unconstitutional under the Commerce Clause. *See id.* at 573. Smiley acknowledges that his claims are unavailing under current law but seeks to preserve them for further review.

Because "there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.